## In re County Trust Company of Philadelphia.

*Joseph S. Conwell, Jr.*, for petitioner; *Jay W. Sechler*, for respondent.

FERGUSON, P. J., April 26, 1932.—This is a petition by the Barat Association for leave to file a claim *nunc pro tunc* against County Trust Company of Philadelphia, in possession of the secretary of banking.

It appears from the petition and answer that the secretary of banking mailed to petitioner on or about November 21, 1931, a notice requiring it to present or file its claim before December 21, 1931. A similar notice was given by publication. Nine days after the time fixed, that is to say, on December 30th, petitioner presented its claim to the secretary of banking, who refused it because it was not filed in time. It is contended that the delay is an absolute bar to the claim.

By the Act of June 15, 1923, as amended, the secretary of banking in his account when filed is required to make a tentative adjudication of the claims of depositors and other creditors. He approves or disapproves claims subject to the right of interested parties to have his rulings reviewed by the court at the audit. Partial accounts are contemplated. The procedure is designed to facilitate a speedy settlement and the secretary is given discretion to fix the time for the filing of claims at as brief a period as thirty days. Delay, neglect or oversight on the part of a claimant must not hinder the settlement. It is, therefore, provided in section forty-two that no claim shall be allowed unless filed within the time fixed in the notice, though section forty-seven pro-

vides that confirmation of a partial account shall be conclusive only as to the fund distributed and shall not prevent the proof and allowance out of the fund involved in any subsequent account of claims not presented in time for allowance out of a previous fund.

The language of the statute is clear. Having failed to file the claim within the time fixed by the notice, petitioner is barred from coming in on the fund involved in the first partial account, but is at liberty to file its claim after that account is filed. To hold otherwise would delay the secretary of banking during the preparation of an account by requiring him to pause to classify and pass upon belated claims, and this is what the provisions of the statute are intended to prevent.

The petition is refused without prejudice.